IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK THOMPSON | § | |
| | § | |
| V. | § | A-18-CV-1030-RP |
| | § | |
| RESALE RESOURCES CORPORATION | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Mark Thompson's Complaint (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. ANALYSIS

On December 10, 2018, this Court granted Thompson's Application to proceed *in forma pauperis* but withheld service pending review under 28 U.S.C. § 1915(e). Thompson alleges that his former employer, Resale Resources Corporation, discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). Before an individual can pursue a claim under Title VII, a prospective plaintiff claiming discrimination by an employer must exhaust his administrative remedies. *McClain v. Lufkin*, 519 F.3d 264, 272 (5th Cir. 2008), *cert. denied*, 555 U.S. 881 (2011); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Exhaustion occurs when the plaintiff files a timely charge with the EEOC or Texas Workplace Commission *and receives* a statutory notice of right to sue. *Id.* (citing

*Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir.1996)). While EEOC complaints are construed liberally because Title VII was not designed for the "sophisticated," *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463 (5th Cir.1970), "no issue will be the subject of a civil action until the EEOC or the Texas Workplace Commission has first had the opportunity to attempt to obtain voluntary compliance," *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (quoting *Sanchez*, 431 F.2d at 467).

Because Thompson's Complaint failed to indicate whether he had exhausted his administrative remedies, the Court ordered Thompson to file a More Definite Statement with the Court by December 20, 2018, indicating whether he had filed a charge of discrimination with the EEOC or Texas Workforce Commission based on the claims raised in this lawsuit, and if so, to attach his Right to Sue letter from the EEOC or Texas Workplace Commission. The Court further warned Thompson, pursuant to Federal Rule of Civil Procedure 12(e), that "failure to comply with this Order within the time allotted will result in this Court's recommendation that this case be dismissed." Dkt. No. 3 at p. 3.

Although Thompson filed his More Definite Statement with the Court on December 20, 2018, he has failed to attach a Right to Sue letter as ordered by the Court. Accordingly, the Court will recommend that this case be dismissed pursuant to Federal Rule of Civil Procedure 12(e).

## II.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DISMISS** Thompson's § 1983 lawsuit without prejudice pursuant to Federal Rule of Civil Procedure 12(e). The Clerk is **FURTHER ORDERED** to **REMOVE** this suit from the docket of the undersigned.

## III.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 4th day of January, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE